**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

In re Medtronic, Inc. Sprint Fidelis
Leads Products Liability Litigation

This document relates to:
ALL CASES

Multidistrict Litigation
No. 08-1905 (RHK/JSM)
**ORDER**

By Order dated January 5, 2009, the Court dismissed the Master Consolidated

Complaint for Individuals in this multidistrict litigation, concluding that all of the claims

alleged therein were preempted under 21 U.S.C. § 360k(a).  Plaintiffs now seek leave to

file a Motion for Reconsideration of that Order.  In addition, they have indicated their

intent to seek leave to file a Motion to Amend the Master Consolidated Complaint for

Individuals, although they have not yet done so.[1]  The Court addresses each request in

turn below.

1.      Reconsideration.  Plaintiffs' requests to file a Motion (or Motions) for

Reconsideration are **DENIED**.  Leave to file a motion for reconsideration is to be granted

"only upon a showing of compelling circumstances."  D. Minn. L.R. 7.1(g).  Plaintiffs

point to a litany of so-called errors in the Court's January 5, 2009 Order, but when

distilled to their essence Plaintiffs merely seek to relitigate issues addressed therein.

Simply put, Plaintiffs' disappointment with the Order is not a valid basis to move to

---

[1] This may be due to the fact that the Court stated in its January 5, 2009 Order that it
would not grant Plaintiffs leave to re-plead.

reconsider.  E.g., Arends v. Extendicare Homes, Inc., Civ. No. 07-995, 2008 WL

1924172, at *1 (D. Minn. Apr. 28, 2008) (Doty, J.).

        2.      Amendment.  At the status conference held in this matter on January 28,

2009, Plaintiffs indicated that they intend to seek leave to file a Motion to Amend the

Master Consolidated Complaint for Individuals.  In support, Plaintiffs' lead counsel stated

that he recently became aware of additional facts that, if added to the Complaint, would

render Plaintiffs' claims beyond the reach of the Court's preemption ruling.  (See 1/28/09

Tr. (Doc. No. 241) at 18, 23.)  Medtronic objects to any amendment, arguing that the

Court already addressed the issue in its January 5, 2009 Order, when it dismissed the

Master Consolidated Complaint for Individuals *with prejudice*.

      The Court dismissed the Master Consolidated Complaint for Individuals with

prejudice largely due to its belief that Plaintiffs had already pleaded all of the facts of

which they were aware.  (See 1/5/09 Order (Doc. No. 233) at 35 ("In the Court's

estimation, if Plaintiffs were aware of sufficient facts in order to avoid preemption, they

would have already pleaded them.").)  Plaintiffs apparently learned of their "newly

discovered" facts only recently.  In the Court's view, if Plaintiffs are now aware of facts

under which their various legal theories would survive preemption, they ought to at least

be given the opportunity to attempt to plead them.

      It is important to note, however, precisely what the Court is permitting Plaintiffs to

do.  The Court is *not* granting Plaintiffs leave to amend the Master Consolidated

Complaint for Individuals.  Rather, the Court is granting Plaintiffs leave to *seek to amend*

that Complaint.  Medtronic will be afforded an opportunity to argue that Plaintiffs'

request should be denied, whether because of futility, undue delay, or any of the other

traditionally recognized bases for denying amendment.  See, e.g., Alternate Fuels, Inc. v.

Cabanas, 538 F.3d 969, 974 (8th Cir. 2008).

One other issue remains outstanding: discovery.  In their submissions to the Court

and again at the status conference, Plaintiffs argued strenuously that they are entitled to

discovery before moving to amend the Master Consolidated Complaint for Individuals.

The Court does not agree, for several reasons.

First, Plaintiffs are seeking to put the proverbial cart before the horse.  A plaintiff

must adequately plead a claim before obtaining discovery, not the other way around.

Simply stated, discovery is not to be used "to find a cause of action."  Smith v. Lyons,

Doughty & Veldhuius, P.C., Civ. No. 07-5139, 2008 WL 2885887, at *5 (D.N.J. July 23,

2008) (quoting Ranke v. Sanofi-Synhelabo Inc., 436 F.3d 197, 204 (3rd Cir. 2006)).

Rather, "[t]he discovery rules are designed to assist a party to prove a claim it reasonably

believes to be viable *without discovery*, not to find out if it has any basis for a claim."

Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1327 (Fed. Cir. 1990) (emphasis in

original); accord Optical Coating Lab., Inc. v. Applied Vision, Ltd., No. C-92-4689, 1995

WL 150513, at *4 (N.D. Cal. Mar. 20, 1995) ("Discovery cannot . . . serve as a substitute

for an adequate pleading.").

Such a rule is not "a technical mouse-trap for an unduly terse plaintiff."  DM

Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 56 (1st Cir. 1999).  Rather, it is

designed to ensure that viable claims have been alleged before dragging defendants

through the costly and time-consuming discovery process.  As the Supreme Court

recently reaffirmed, "a district court must retain the power to insist upon some specificity

in pleading before allowing a potentially massive factual controversy to proceed."  Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1967 (2007) (quoting Associated

Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 528 n.17

(1983)).  Such concerns are particularly apt in a multidistrict litigation like this one,

involving hundreds of cases, thousands of plaintiffs, and millions of dollars – the cost of

the discovery on the horizon is substantial and the potential for abuse is great.  For this

reason, courts have repeatedly held that "the price of entry, *even to discovery*, is for the

plaintiff to allege a *factual* predicate concrete enough to warrant further proceedings,

which may be costly and burdensome."  DM Research, 170 F.3d at 55 (first emphasis

added).  To permit otherwise – that is, to allow "plaintiffs to plead first and discover

later" – would be "costly for both courts and defendants . . . and might ultimately

encourage meritless suits *in terrorem*."  Cracker Barrel Old Country Store, Inc. v.

Cincinnati Ins. Co., __ F. Supp. 2d __, 2008 WL 5396480, at *3 (M.D. Tenn. Aug. 28,

2008).

    At this juncture, Plaintiffs have failed to allege any viable causes of action.

Accordingly, they are not entitled to "conduct a fishing expedition for discovery, and only

then amend [their] complaint in order finally to set forth well-pleaded allegations."

Oreman Sales, Inc. v. Matsushita Elec. Corp. of Am., 768 F. Supp. 1174, 1180 (E.D. La.

1991).

Second, Plaintiffs have only vaguely asserted what it is they intend to discover and how they believe that material will add substance to their allegations.  In the absence of any substantial showing how further discovery will aid Plaintiffs' cause, the Court is left with the distinct impression that Plaintiffs want to play Court-sanctioned roulette, hoping that they will hit the discovery "jackpot" and uncover facts to support their claims.  See Jackson v. First Fed. Sav. of Ark., F.A., 709 F. Supp. 863, 884 (E.D. Ark. 1988) ("Discovery may be used to develop admissible evidence to substantiate a pleaded claim; it may not be used to fish around in the hopes that currently unsuspected facts will turn up which will allow such a claim to be pleaded.").  It is simply not enough for Plaintiffs to baldly allege that Medtronic violated federal law in order to obtain discovery.  See Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d 240, 244 n.3 (1st Cir. 2006) (court need not "infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion"); Kaplan v. Cal. Pub. Employees' Retirement Sys., No. C 98-1246, 1998 WL 575095, at *6 (N.D. Cal. Sept. 3, 1998) (dismissing claim despite plaintiff's assertion that defendant possessed data he needed in order to survive dismissal, since plaintiff had "relied on wholly conclusory allegations at the pleading stage while hoping to find data to support his claim through discovery").

Third, Plaintiffs' lead counsel made clear from the outset of this case that no discovery was necessary in order to resolve the preemption issue.  (See 1/5/09 Order

(Doc. No. 233) at 22 n.14.)  Counsel now seeks to blunt the impact of that position,

arguing that while he averred that discovery was not needed, he included the caveat that

discovery might be necessary if the motion were to become "some sort of a broader

motion that pull[ed] in information outside of the pleadings."  (1/20/09 Letter from Daniel

E. Gustafson at 2 (citing 5/28/08 Tr. (Doc. No. 117) at 53).)  In other words, counsel

suggests that he was blind-sided by the Court when it (purportedly) relied on matters

beyond the pleadings in granting Medtronic's Motion to Dismiss.  But counsel has failed

to identify what those extraneous matters might be, and the Court's own review of its

Order has not revealed any such extraneous matters.[2]  In the Court's view, counsel is

attempting to engage in revisionist history by suggesting that he left open the door for

discovery at the initial status conference.

    Moreover, it is telling that Plaintiffs' purported "need" for discovery appears

nowhere in their Opposition to Medtronic's Motion to Dismiss.  Indeed, the subject of

_____

[2] The closest the Court has found to matters "outside the pleadings" in its Order is
guidance posted on the Food and Drug Administration's website.  (See 1/5/09 Order (Doc. No.
233) at 16-20.)  But the Court's reliance on this material can hardly have come as a surprise to
Plaintiffs' counsel, given that (1) Medtronic repeatedly cited the FDA's website in its Motion
papers and (2) it is well established that district courts may rely on administrative materials when
ruling on motions to dismiss.  See, e.g., Stahl v. United States Dep't of Agric., 327 F.3d 697, 700
(8th Cir. 2003); Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  Furthermore, courts are
only restricted from relying on *evidentiary* matters beyond the pleadings when ruling on a
motion to dismiss.  See, e.g., BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687 (8th Cir.
2003).  It is debatable, to say the least, whether interpretive materials posted on the FDA's
website are evidentiary matters.  See id. (noting that the term "matters outside the pleading" in
Federal Rule of Civil Procedure 12 refers to "written or oral evidence in support of or in
opposition to the pleading that provides some substantiation for and does not merely reiterate
what is said in the pleadings").

discovery only came up at the hearing on the Motion, and even then was not the focus of

Plaintiffs' argument.  If discovery were truly necessary for Plaintiffs to adequately plead

their claims, one would reasonably expect them to have raised the issue earlier.  See DM

Research, 170 F.3d at 56 ("Once [Plaintiffs] knew the thrust of [Medtronic's] arguments

for dismissal, [they] w[ere] perfectly free to respond to the motion to dismiss by

providing the district court with additional facts to make [their] complaint concrete and

plausible.  If [Plaintiffs] had responded with an amendment to the complaint or even with

an affidavit setting forth such detail, the district court certainly would not have dismissed

the case out of hand.").  Instead, lead counsel adhered to his previously articulated

position that discovery was not necessary and then requested discovery only at the

eleventh hour, apparently in the hope of using that request as a "get out of jail free" card

in the event the Court were to grant Medtronic's Motion.  Under these circumstances,

discovery is not warranted.[3]

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**ORDERED** as follows:

1.      Plaintiffs' letter requests for leave to file a Motion (or Motions) for

---

[3] The same is true of the other lawyers who represent plaintiffs in individual actions
comprising this multidistrict litigation.  Although certain of those lawyers may have expressed a
desire to obtain discovery at the initial status conference, they remained silent as the Motion to
Dismiss was being briefed and, thereby, tacitly endorsed lead counsel's response to the Motion,
including the failure to request discovery.  (See Order No. 4 (Doc. No. 115) ¶ 17(D) (permitting
the filing of individual briefs in connection with the Motion to Dismiss "to the extent needed
because of the inadequacy of the original papers, to present unique facts, or because of a
difference in positions").)

Reconsideration are **DENIED**;

2.      Plaintiffs may serve and file a Motion for Leave to Amend the Master

Consolidated Complaint for Individuals on or before February 27, 2009.  If Plaintiffs so

move, they shall also serve and file simultaneously with their Motion the following

documents:

        a.      A Memorandum, not to exceed 10 pages, explaining why leave to

amend should be granted;

        b.      The proposed Amended Master Consolidated Complaint for

Individuals;[4] and

        c.      A statement or other document noting the differences (factual or

otherwise) between the Master Consolidated Complaint for Individuals (Doc. No. 129)

and the proposed Amended Master Consolidated Complaint for Individuals;

3.      Medtronic may serve and file a Memorandum in Opposition to Plaintiffs'

Motion, not to exceed 10 pages, on or before March 20, 2009;

4.      Plaintiffs may serve and file a Reply Memorandum in support of their

Motion, not to exceed 5 pages, on or before March 27, 2009;

5.      If the Court intends to hold a hearing on the Motion, it will so advise the

parties;

-------

        [4] In preparing their proposed Amended Master Consolidated Complaint for Individuals,
Plaintiffs should bear in mind the pleading requirements of Twombly (as construed in the
Court's Order granting Medtronic's Motion to Dismiss) as well as the strictures of Federal Rule
of Civil Procedure 11.

6.      The Court's January 9, 2009 Amended Order to Show Cause (Doc. No.

235) is **STAYED** pending further Order of the Court; and

7.      Discovery in this matter shall remain **STAYED**, in accordance with Order

No. 4 (Doc. No. 115), pending further Order of the Court.


Dated: February 5, 2009                                    s/Richard H. Kyle
                                                           RICHARD H. KYLE
                                                           United States District Judge