UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br>**MEDTRONIC, INC.,**<br>**SPRINT FIDELIS LEADS**<br>**PRODUCTS LIABILITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO**<br>**"ALL ACTIONS"** | Multidistrict Litigation<br>No. 08-1905 (RHK/JSM)<br><br>ORDER |

WHEREAS, the parties have entered into a Master Settlement Agreement dated October 8, 2010 (hereinafter "the MSA"), which encompasses the above-referenced matter, various related state court actions, including the coordinated proceedings venued in Hennepin County, and certain additional retained claimants as defined in the MSA;

WHEREAS, the MSA contemplates that there will be a designated Settlement Fund to hold the settlement monies until otherwise distributed; and

WHEREAS, a Settlement Fund has been established and Plaintiffs' Counsel has entered into an Escrow Agreement with M & I bank and Medtronic has deposited $5,000,000.000 pursuant to the terms of the MSA;

IT IS HEREBY ORDERED:

1. The Court hereby incorporates the terms of the Escrow Agreement, attached as Exhibit A to this Order.

2. The Settlement Fund (referred to herein as "Escrow Account") is to be treated for federal income tax purposes as a qualified settlement fund ("QSF") within the meaning of the U.S. Department of Treasury, Treas. Reg. §1.468B-1, and not as a

Subpart E trust pursuant to Treas. Reg. § 1.468B-1(k).  The Escrow Agent shall be the "administrator" (as that term is used pursuant to Treas. Reg. §1.468B-2(k)(3)) of the QSF and as such will file such federal, state or local returns, pay such federal, state or local taxes (to the extent there are funds in the Escrow Account available to pay such taxes), comply with applicable federal, state or local information reporting requirements and otherwise generally comply with the rules and regulations applicable to qualified settlement funds under Treas. Reg. §1.468B-1 and relevant provisions of state and local tax law.

3. The Escrow Agent is explicitly authorized and directed to use the assets of the Escrow Account (1) to satisfy such federal, state and local taxes as may be due with respect to the Escrow Account and (2) to reduce the amount of any payments under the Escrow Agreement by taxes paid or by amounts which the Escrow Agent reasonably concludes may become payable.

4. As necessary and as requested in writing by the Trustee, the Escrow Agent shall file or cause to be filed a "relation-back election" as defined in Treas. Reg. § 1.468B-1(j)(2) to treat the Escrow Account as a qualified fund from the earliest possible date.  If any interest or penalties are payable due to such election, Escrow Agent is authorized to pay such interest and penalties.

5. The Escrow Account is intended to be a QSF as set forth in the Escrow Agreement and pursuant to this Order.  Nonetheless, any failure of the escrow to qualify as a QSF shall not impair the validity of the escrow or any obligation of any party to the Escrow Agreement, and all taxes on the earnings on the Escrow Account, if any, will

remain payable, and will be paid, out of the earnings on the Escrow Account. As necessary, the Escrow Agent shall be responsible for complying with information and source reporting requirements imposed in connection with reportable disbursements from the escrow; provided that Escrow Agent shall be entitled to make inquiry of the Trustee with respect to the proper characterization of disbursements made pursuant thereto for tax reporting purpose.

6. The Escrow Agent shall not be held accountable for any fines, penalties or interest associated with the late filings as a result of the failure or refusal of others to cooperate with the Escrow Agent causing such filings to occur on a timely basis, or as the result of the "relation-back election." The Escrow Agent may retain or hire a qualified third party or parties ("Qualified Third Party") to perform any of its duties or responsibilities specified herein or in Treas. Reg. § 1.468B-2. The fees or costs of such Qualified Third Party shall be billed to the Escrow Agent and shall be paid from amounts on deposit in the Escrow Account.

7. This Order shall continue in effect to the extent necessary in order for the Escrow Agent to address any issues that may arise in connection with the examination of any tax return filed or taxes paid by the Escrow Agent in connection with the Escrow Account.

**IT IS SO ORDERED.**

Dated: December 16, 2010                   s/Richard H. Kyle
                                                                  Richard H. Kyle
                                                                  United States District Judge