UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:<br>MEDTRONIC, INC.,<br>SPRINT FIDELIS LEADS<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO<br>"ALL ACTIONS" | Multidistrict Litigation<br>No. 08-1905 (RHK/JSM)<br><br>QUALIFIED PROTECTIVE<br>ORDER |

WHEREAS the parties have entered into a Master Settlement Agreement dated October 8, 2010 (hereinafter "the MSA"), which encompasses the above-referenced matter, various related state court actions, including the coordinated proceedings venued in Hennepin County, and certain additional retained claimants as defined in the MSA;

WHEREAS, the MSA requires that Plaintiffs' Counsel provide Medtronic with Releases executed by all Participating Claimants on the Final Settlement List and provide for satisfaction of all third-party liens including federal and state government payors, of the Participating Claimants.

WHEREAS, Plaintiffs' Counsel have retained The Garretson Firm Resolution Group ("GFRG") to provide federal and state government payors (collectively "the Programs") with a list of individuals (a complete list of those individuals to CMS and the VA Department and a list to the Single State Agencies of those clients/plaintiffs residing now in each respective Agency's state or territory) (collectively, "the Lists"), to determine which individuals are beneficiaries in the Programs' health care plans;

WHEREAS, the Programs have asserted, or will assert, statutory liens or reimbursement claims against the settlement proceeds of those individuals participating in the Settlement involving the Medtronic Sprint Fidelis Leads who are eligible and received benefits from the Programs related to the Medtronic Sprint Fidelis Leads; and

WHEREAS, the entry of a HIPAA-compliant qualified protective order is necessary in this action in order to permit the Programs to transmit protected health information, regarding the certain individuals and/or their counsel who have retained the services of GFRG, directly to GFRG to assist in the resolution of the agency's interest;

IT IS HEREBY ORDERED:

1. This Qualified Protective Order shall apply to all "protected health information" and "individually identifiable health information," as defined by 45 CFR § 160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 551a, the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, 42 CFR § 431 Subpart F, titled "Safeguarding Information on Applicants and Recipients" and other applicable state law, created, received or collected from the Programs-eligible individuals by the Programs, including, but not limited to: (a) names and addresses, dates of birth, social security numbers, Medicaid, Medicare, and VA identification numbers and other demographic information that identifies, or could be used to identify Medicaid and/or Medicare and/or VA-eligible individuals; (b) eligibility and entitlement information of Medicaid and/or Medicare and/or VA-eligible individuals; (c) claims information relating to the past, present, or future health care of Medicaid and / or Medicare and / or VA-eligible individuals; (d) claims information relating to the

provision of healthcare to Medicaid and/or Medicare and/or VA-eligible individuals; and, (e) claims information relating to the past, present, or future payment for the provision of healthcare to Medicaid and/or Medicare and/or VA-eligible individuals.

2. In order to assist in the resolution of the Programs' interest, each individual Single State Agency, CMS, and VA Department is hereby authorized and directed to transmit to GFRG any information, including Medicaid and Medicare claims information and other protected health information, for those Medicaid and/or Medicare eligible individuals participating in the Settlement related to the Medtronic Sprint Fidelis Leads against whom they have asserted liens or reimbursement claims.

3. GFRG shall not use or disclose any protected health information or individually identifiable health information subject to this Qualified Protective Order for any purpose other than this Settlement. Similarly, the Programs shall only use the Lists for the specific purposes of transmitting to GFRG any information, including Medicaid and/or Medicare claims information and other protected health information, for those Medicaid and/or Medicare and/or VA-eligible individuals participating in the settlement related to the Medtronic Sprint Fidelis Leads against whom the Programs have asserted liens or reimbursement claims, or in whose potential settlements the Programs may have an interest. The Programs shall only make the Lists available to those within their respective Agency who need access to the Lists for the specific purpose stated in this paragraph. If the Agency utilizes outside vendors or companies to perform part or all of their tort recovery practices, the outside vendors or companies shall be expressly bound by all terms and conditions of this Qualified Protective Order.

4. GFRG shall maintain any protected health information or individually identifiable health information subject to this Qualified Protective Order in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such protected health information as is exercised by GFRG with respect to its own confidential proprietary information.

5. At the conclusion of this litigation, GFRG shall certify to the Programs that the protected health information or individually identifiable health information, including all copies made, has been destroyed.

6. For purposes of the Qualified Protective Order, the phrase "Medicaid and/or Medicare and/or VA-eligible individuals" refers to those individuals participating in the settlement related to the Medtronic Sprint Fidelis Leads who are beneficiaries of said Programs or were beneficiaries of said Programs at any time between the date of his or her first implantation up to and including the effective date of the settlement for the same individual. In this regard, the applicable time period covered by this Qualified Protective Order begins with the date of implantation by each Medicaid and/or Medicare and/or VA-eligible individual participating in the Settlement related to the Medtronic Sprint Fidelis Leads and ends with the effective date of any settlement for that individual.

**IT IS SO ORDERED.**


Dated: December 16, 2010

                  s/Richard H. Kyle
                  Richard H. Kyle
                  United States District Judge